IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUENTIN T. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 18-700 (MN) |
| DEPT. OF CORRECTIONS, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Quentin T. Jones, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

December 14, 2018
Wilmington, Delaware

NOREIKA, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Quentin T. Jones ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3, 7, 8, 9, 10). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

The Court considers Docket Items 3, 7, 8, 9, and 10 as the operative pleading.[2] Plaintiff alleges his constitutional rights were violated when he received a disciplinary infraction on April 3, 2013 for gambling, failure to obey an order, and abuse of job privileges. Plaintiff alleges that the disciplinary ticket contained incorrect information and was not warranted. There was a disciplinary referral and/or report. Plaintiff pled "not guilty" to the disciplinary report.

A hearing was held two weeks later, and Plaintiff was found guilty by Defendant Lt. Yvette Spencer ("Spencer"). Plaintiff alleges that his rights were violated because the "guilty verdict" exceeded the seven-day period from the time the disciplinary referral was issued. He also alleges the hearing was impartial because Spencer acted as a witness and judge. Plaintiff appealed the finding of guilt. On April 20, 2018, Plaintiff spoke to Defendant Cpl. Michael Stanford ("Stanford") and Staff Lt. Sennett ("Sennett")[3] regarding nullification of the disciplinary report on

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] The Amended Complaint and Supplements to the complaint found at Docket Items 7, 8, and 9 are all related to Plaintiff's loss of his prison job. The supplement at Docket Item 10 concerns a false disciplinary report and allegations of retaliation.

[3] Plaintiff voluntarily dismissed Sennett, Mike Little ("Little"), Major Brennan ("Brennan"), and Major Senato ("Senato") as Defendants on October 17, 2018. (D.I. 15).

1

appeal. On April 23, 2018, the disciplinary report was nullified by Little. Plaintiff submitted a grievance over Spencer's conduct and the matter is being investigated by Defendant Captain Burton ("Burton").

Upon receipt of the infraction, Plaintiff was immediately terminated from his prison job as a barber. Plaintiff complains that, at the very least, he should not have been suspended pending disposition of the disciplinary matter. Approximately one week after he was terminated from his barber position, Plaintiff was transferred from the workers' tier to the non-workers' tier. Plaintiff informed multiple Department of Correction ("DOC") personnel of the alleged events. Supplements indicate that Plaintiff was reinstated to his position as a barber in late September 2018 and that Stanford gave Plaintiff a false disciplinary report in retaliation for submitting grievances against Stanford because he caused Plaintiff's initial termination in April. (D.I. 10).

For relief, Plaintiff seeks a job or the return to his job as a barber, recovery of lost good time credits, compensatory damages, and injunctive relief.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds

2

*pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Liberally construed, Plaintiff appears to allege his constitutional rights were violated because he received a false disciplinary report, and his due process rights were violated during the disciplinary procedure which resulted in loss of his job, loss of good time credits, and transfer to

4

a non-workers' tier. These claims are intertwined. He also alleges he was subjected to retaliation by Stanford.

Plaintiff alleges that he was issued a disciplinary referral by Defendant Corporal Darold Weber ("Weber") for alleged actions that did not occur in Weber's building and, therefore, the report should not have issued. While not clear, it seems Plaintiff alleges that he was issued a false disciplinary report. The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2013) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002)). The Complaint indicates a hearing was held, evidence presented, and Plaintiff was found guilty. Therefore, to the extent Plaintiff asserts the disciplinary report violated his constitutional rights, the claim fails and will be dismissed as frivolous.

Plaintiff appears to allege violations of his procedural due process rights. In *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), the Supreme Court held that prisoners must be accorded due process before prison authorities may deprive them of state created liberty interests. A prison disciplinary hearing satisfies the Due Process Clause if the inmate is provided with: (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 563-71; *Griffin v. Spratt*, 969 F.2d 16, 19-20 (3d Cir. 1992). A prisoner must be deprived of a liberty interest to be entitled to procedural due process protections as set forth in *Wolff*. *See Wolff*, 418 U.S. at 557-558.

Prisoners enjoy the protections of the Due Process Clause only when the disciplinary action they receive results in the loss of good time credits or when a sanction "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, there are no allegations that the sanctions imposed atypical and significant hardships upon Plaintiff. At most, Plaintiff lost his prison job and was transferred to a different tier. Neither could be considered atypical and significant hardships.[4]

What is not clear is whether Plaintiff is alleging that the finding of guilt resulted in the loss of good time credits or Plaintiff's ability to earn good-time credits. To the extent Plaintiff brings a claim regarding his ability to earn good-time credits, the claim is not cognizable. The Due Process Clause does not guarantee the right to earn good-time credits. *See Shockley v. Hosterman*, 2007 WL 1810480, at *3 (D. Del. June 22, 2007); *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986, 1003 (D. Del. 1995), *aff'd* 111 F.3d 125 (3d Cir. 1997).

To the extent Plaintiff lost good credit time credits as a result of the finding of guilt, it is not clear if "nullification" of the disciplinary report reinstated good time credits that may have been taken away. The Complaint lacks facts in this regard. The only mention of good time credits is in the prayer for relief when Plaintiff states, "I am seeking to recover my lost good time credits." (D.I. 3 at 10) If Plaintiff seeks only restoration of good-time credits, this avenue of relief is foreclosed under *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Wolff*, 418 U.S. at 554.

---

[4] As is well established, Prisoners have no entitlement to a specific job, or even to any job. *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989). In addition, that the transfer of a prisoner from one classification is unprotected by "the Due Process Clause in and of itself," even though the change in status involves a significant modification in conditions of confinement. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (citation omitted); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). To the extent Plaintiff seeks to raise claims for loss of his job and/or transfer to a different tier, the claims are not cognizable and will be dismissed as frivolous.

If Plaintiff seeks damages under § 1983 a claim may be stated under *Edwards v. Balisok*, 520 U.S. 641 (1997), which holds that an inmate may not bring a civil rights action for damages related to an inmate disciplinary proceeding without first challenging and overturning, via appropriate proceedings, the disciplinary hearing in question. *Id.* at 646-47. Here, the allegations indicate Plaintiff was successful in challenging and overturning the proceedings at issue, but as noted, it is not clear if Plaintiff lost good time credits as a result of the finding of guilt. As pled, the due process claim for loss of good time credits fails to state a claim upon which relief may be granted and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Because it appears plausible that Plaintiff may be able to articulate a claim against a named Defendant or an another individual, he will be given an opportunity to amend this claim.

While the Complaint names numerous Defendants, the allegations against them do not rise to the level of constitutional violations. For example, Defendant Delaware Department of Correction is immune from suit under the Eleventh Amendment as the State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981 ("Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant."). Nor were Plaintiff's constitutional rights violated when: (1) Plaintiff submitted his appeal to DOC staff; (2) staff spoke to Plaintiff about the appeal; (3) staff nullified the disciplinary report at issue; (4) Plaintiff's grievance was forwarded to staff for investigation; or (5) staff was notified by Plaintiff about the alleged events. The claims are frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Finally, Plaintiff appears to have raised a cognizable and non-frivolous retaliation claim against Stanford. Proof of a retaliation claim requires that Plaintiff demonstrate

7

(1) constitutionally protected conduct; (2) an adverse action by prison officials "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights," and (3) "a causal link between the exercise of his constitutional rights and the adverse action taken against." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (citations omitted). Plaintiff alleges that he submitted grievances complaining of Stanford's actions in terminating his employment, that Plaintiff was reinstated to his position, and Stanford gave Plaintiff a false disciplinary report in retaliation for the filing of the grievances by Plaintiff. Plaintiff will be given leave to amend. Should he fail to do so, the case will proceed solely on the retaliation against Stanford.

## V.     MOTIONS TO AMEND AND SUPPLEMENTS

On October 17, 2016, the Court entered an order denying Plaintiff's motion to amend. In that Order the Court referred to this Court's Local Rule 15.1 when filing motions for leave to amend. (*See* D.I. 15). Since then, Plaintiff has filed two more motions to amend (D.I. 16, 17), neither of which comply with Local Rule 15.1. Therefore, the motions will be denied without prejudice.

In addition, Plaintiff continues to file supplements to the Complaint/Amended Complaint. (*See* D.I. 17, 18). Piecemeal filings are disfavored as they make it difficult, if not impossible, for litigants to respond appropriately to claims against them. The Court will strike the most recent supplements to the Complaint/Amended Complaint. (D.I. 17, 18). Plaintiff is placed on notice that future supplements will not be considered. Should Plaintiff wish to amend, he shall follow the Federal Rules of Civil Procedure and the Local Rules of this Court.

## VI.    CONCLUSION

For the above reasons, the Court will: (1) allow Plaintiff to proceed on the retaliation claim against Stanford; (2) dismiss all other remaining claims as frivolous and for failure to state a claim

8

upon which relief may be granted pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1); (3) give Plaintiff leave to amend; (4) deny without prejudice the motions to amend (D.I. 16, 17); and (5) strike the supplements at Docket Items 18 and 19.

An appropriate Order will be entered.